```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __9/12/2023__
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JIMMY EKPE,

                     Plaintiff,

-against-

THE CITY OF NEW YORK, THE DEPARTMENT FOR THE AGING, CARYN RESNICK, SAL RULLAN, KAMLESH PATEL, JACK RIZZO, JOHN DOE(S) and JANE DOE(S)(names currently unknown) each in his/her official and individual capacities,

                     Defendants.

20 Civ. 9143 (AT)

**ORDER**

ANALISA TORRES, District Judge:

       The Court has reviewed Defendants' motion to dismiss the Second Amended Complaint, Plaintiff's opposition papers, and Defendants' reply. *See* ECF Nos. 119–21, 124, 127–28. The parties do not dispute that in filing this lawsuit, Plaintiff seeks to rely on the Equal Employment Opportunity Commission ("EEOC") charge of Eddy Toussaint, ECF No. 124-1, employing the single filing or "piggybacking" rule. Pl. Opp'n at 7, ECF No. 124. Where one plaintiff has filed a timely EEOC charge, the single filing rule allows other similarly-situated plaintiffs to rely on (or "piggyback" off of) the filed EEOC charge, thereby relieving such plaintiffs of the requirement to exhaust all administrative remedies prior to filing suit. *See Tolliver v. Xerox Corp.*, 918 F.2d 1052, 1057–60 (2d Cir. 1990); *Snell v. Suffolk Cnty.*, 782 F.2d 1094, 1101 (2d Cir. 1986). The single filing rule applies to both Title VII and ADEA claims. *See Tolliver*, 918 F.3d at 1057; *Snell*, 782 F.2d at 1101.

       Although the parties' papers discuss Plaintiff's use of the single filing rule, their discussion of the procedural requirements for parties that rely on the rule is limited. Accordingly, by **September 25, 2023**, the parties shall file letters of no more than five pages addressing how the statutory requirements to file an EEOC charge within 300 days of the "alleged unlawful employment practice," 42 U.S.C.A § 2000e-5(e)(1), and to file suit within ninety days of receiving a right-to-sue letter, *id.* § 2000e-5(f)(1), impact the timeliness of Plaintiff's claims. The Court shall hold Defendants' motion to dismiss in abeyance pending the parties' supplemental briefing. The Clerk of Court is directed to terminate the motion at ECF No. 119.

       SO ORDERED.

Date: September 12, 2023
       New York, New York

                                           ANALISA TORRES
                                        United States District Judge